IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| KIMBERLEY EARLEY and DOUGLAS ALEXANDER, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 6:13-cv-02203-JEO ) |
| ALLSTATE INDEMNITY COMPANY et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This matter is before the court on three pending motions. The first is a motion filed by defendant Allstate Vehicle and Property Insurance Company[1] ("Allstate") to dismiss defendants James Anthony and Anthony Agency, Inc.[2] (collectively, the "Anthony Defendants"). (Doc. 3). The second is a motion filed by the Plaintiffs to remand this action to the Circuit Court of Walker County, Alabama, from where it was removed by Allstate based upon a claim of fraudulent joinder. (Doc. 6). The third is a motion filed by the Plaintiffs to strike portions of the Affidavit of James Anthony ("Anthony Affidavit," doc. 1-4), which was submitted along with Allstate's notice of removal. (Doc. 7).

Upon consideration, the court finds that the fraudulent joinder doctrine is not applicable here and that the Plaintiffs' motion to remand is due to be **GRANTED.** Accordingly, the court

---

[1] Allstate Vehicle and Property Insurance Company was incorrectly identified in the complaint as Allstate Indemnity Company, Allstate Insurance Company, Allstate Fire and Casualty Co., and Allstate Property and Casualty. (*See* Motion to Dismiss, Doc. 3 at 1) (References to "Doc(s).__" are to the documents as numbered by the clerk of the court in the court's record of the case.)

[2] Anthony Agency, Inc. was incorrectly identified in the complaint as "James Anthony d/b/a and in his capacity as owner, employee, agent, servant or otherwise for" various Allstate companies. (*See* Motion to Dismiss, Doc. 3 at 1).

lacks jurisdiction to consider Allstate's motion to dismiss, and the Plaintiffs' motion to strike portions of the Anthony Affidavit is moot.

I.      BACKGROUND

On November 1, 2013, the Plaintiffs initiated this action by filing a complaint in the Circuit Court of Walker County, Alabama, against Allstate, the Anthony Defendants, and various fictitious parties. (Doc. 1-1). In their complaint, the Plaintiffs allege that the Anthony Defendants sold them an Allstate homeowner's insurance policy and that they believed their home and its contents would be insured and replaced in the event of a loss. (Doc. 1-1 at ¶¶ 19-20). They further allege that the policy was in full force and effect when their home and its contents were destroyed by fire, but that the Defendants have failed or refused to pay their claim for fire loss. (*Id.* at 19, 29-30). The Plaintiffs assert claims for fraud, suppression, breach of contract, "normal" bad faith, "abnormal" bad faith, unjust enrichment, and civil conspiracy.

On December 6, 2013, Allstate filed a notice of removal in this court pursuant to 28 U.S.C. § 1441 *et seq*. (Doc. 1 at ¶ 6). The notice of removal is supported by the Anthony Affidavit (doc. 1-4), which is attached as an exhibit to the notice. In the notice of removal, Allstate invokes this court's diversity jurisdiction under 28 U.S.C. § 1332, which, in relevant part, authorizes the federal district courts to hear "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between ... citizens of different states." 28 U.S.C. § 1332(a)(1). Allstate asserts that there is complete diversity of citizenship because both Plaintiffs are residents of Alabama while Allstate is a corporation organized and existing under the laws of Illinois with its principal place of business in Illinois. (Doc. 1 at ¶¶ 2-3). Allstate acknowledges that the Anthony Defendants are Alabama citizens, but argues that they were

2

fraudulently joined in this action and that their citizenship should be ignored for purposes of removal. (*Id.* at ¶¶ 4-5). Contemporaneously with the removal, Allstate filed a motion to dismiss all claims against the Anthony Defendants. (Doc. 3).

On January 6, 2014, the Plaintiffs filed a motion to remand the action to the Circuit Court of Walker County (doc. 6), a motion to strike the Anthony Affidavit (doc. 7), and a response to the motion to dismiss. (Doc. 8). In their motion to remand, the Plaintiffs argue that the Anthony Defendants are not fraudulently joined because there is, at the very least, "a possibility" that an Alabama state court would find that the complaint states a cause of action against them for fraud and/or suppression. (Doc. 6 at 5-8 ). Accordingly, the Plaintiffs argue, the Anthony Defendants are proper defendants whose presence destroys complete diversity and requires a remand for lack of subject-matter jurisdiction.  (*Id.* at 11).

Allstate has filed a response in opposition to the motion to remand (doc. 9) and a response to the motion to strike the Anthony Affidavit. (Doc. 10). The Plaintiffs have filed a reply in support of their motion to remand. (Doc. 12). All pending motions are now ripe for disposition.[3]

## II.     MOTION TO REMAND

When a defendant removes a case to federal court based on diversity of citizenship, "a court must remand the matter back to state court if any of the properly joined parties in interest are citizens of the state in which the suit was filed." *Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "Such a remand is the necessary corollary of a federal district court's diversity jurisdiction, which requires complete diversity of citizenship." *Id.*

---

[3]The parties have consented to jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (*See* Doc. 15 ).

When a plaintiff names a non-diverse defendant solely to defeat federal diversity jurisdiction, "the district court must ignore the presence of the non-diverse defendant and deny any motion to remand the matter back to state court." *Id.* In such a case, "[t]he plaintiff is said to have effectuated a 'fraudulent joinder,' *see Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997), and a federal court may properly assert its removal diversity jurisdiction over the case." *Henderson*, 454 F.3d at 1281. To establish fraudulent joinder, the removing party has the burden of proving that either "'(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court.'" *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (quoting *Crowe*, 113 F.3d at 1538). The removing party must support its claim of fraudulent joinder by "clear and convincing evidence." *Henderson*, 454 F.3d at 1281 (citing *Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962).

"The burden of establishing fraudulent joinder is a heavy one." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998). As the Eleventh Circuit has emphasized:

> "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." ... In other words, "[t]he plaintiff need not have a winning case against the allegedly fraudulent defendant; he need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate."

*Stillwell*, 663 F.3d at 1333 (internal citations omitted). As long as a plaintiff's claim against a non-diverse defendant is "colorable," fraudulent joinder does not apply and the action is due to be remanded. *Pacheco de Perez*, 139 F.3d at 1380.

Here, Allstate argues in its notice of removal that the Anthony Defendants were

4

fraudulently joined because none of the Plaintiffs' claims against them are colorable under Alabama law. (*See* Doc. 1 at ¶ 18). In the Plaintiffs' motion to remand, they offer no rebuttal to Allstate's argument that their claims against the Anthony Defendants for breach of contract, bad faith, unjust enrichment, and civil conspiracy are not colorable. Instead, the Plaintiffs focus solely on their fraud and suppression claims. Accordingly, for purposes of the motion to remand, the dispositive issue is whether any possibility exists that the Plaintiffs' complaint states a cause of action against the Anthony Defendants for fraud and/or suppression.

Allstate has offered three arguments as to why the Plaintiffs' fraud claims against the Anthony Defendants are not colorable. First, Allstate argues that the Plaintiffs have "fraudulently asserted jurisdictional facts" to lend credence to their fraud claims and defeat federal diversity jurisdiction. (Doc. 9 at 3). Second, Allstate argues that the Plaintiffs' fraud claims were insufficiently pled and cannot be utilized by the court in deciding jurisdiction. (*Id.* at 4-5). Third, Allstate argues that the fraud claims were pled without any factual basis. (*Id.* at 5-10). The court will address each argument in turn.

    A.    **Plaintiffs' Pleadings of Jurisdictional Facts**

Allstate alleges that the Plaintiffs have fraudulently pled two "jurisdictional" facts: (1) that there was no insurance policy in place providing coverage for fire loss, and (2) that their insurance claim was denied based on the existence of a prior fire loss.[4] (*See* Doc. 9 at 3). These alleged facts, however, are not jurisdictional in nature. For purposes of determining federal diversity jurisdiction, the only facts of jurisdictional relevance are the citizenship of the parties and the

---

[4] The Plaintiffs deny that either of these alleged facts was fraudulently pled. (*See* Plaintiffs' Reply in Support of Their Motion to Remand, Doc. 12 at 7-13).

amount in controversy. *See* 28 U.S.C. § 1332(a). Here, there is no suggestion by Allstate that the Plaintiffs have misrepresented the citizenship of the parties or the amount in controversy. To the contrary, Allstate acknowledges in its notice of removal that the Plaintiffs and the Anthony Defendants are all citizens of Alabama and that the Plaintiffs are claiming damages in excess of $75,000 exclusive of interest and costs. (*See* Doc. 1 at ¶¶ 2, 4, 5, and 13). In other words, Allstate has confirmed the jurisdictional facts as pled by the Plaintiffs. There has been no fraud in the Plaintiffs' pleadings of those facts. *See, e.g., Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) ("[T]here is no suggestion by defendants that plaintiffs have falsely alleged their Pennsylvania citizenship. ... In other words, this is not a situation where 'there has been outright fraud in the plaintiff's pleadings of jurisdictional facts.'") (quoting *B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981)); *Green v. Amerada Hess Corp.*, 707 F.2d 201, 205 (5th Cir. 1983) (noting that the plaintiff's pleadings of jurisdictional facts were "obviously not fraudulent" where the parties had admitted that the plaintiff and one of the defendants were residents of the same state).

      **B.**      **Sufficiency of the Plaintiffs' Fraud Pleadings**

Allstate contends that the Plaintiffs' fraud claims were insufficiently pled and should not be considered by the court in deciding whether federal jurisdiction exists. As the Eleventh Circuit has noted, however, "the decision as to the sufficiency of the pleadings is for the state courts, and for a federal court to impose its judgment would fall short of the scrupulous respect for the institutional equilibrium between the federal and state judiciaries that our federal system demands." *Henderson*, 454 F.3d at 1284. In ruling on a motion to remand a case that was removed based on a claim of fraudulent joinder, the federal court's task "is not to gauge the sufficiency of

the pleadings," but rather to determine whether the removing defendant has shown by "clear and convincing evidence" that there is "no possibility" that the plaintiff can establish a cause of action against the non-diverse defendant(s). *See id.* at 1283-84.

Here, the Plaintiffs' complaint alleges that the Anthony Defendants made "certain representations" when they sold the Plaintiffs an Allstate homeowner's insurance policy and that the Plaintiffs "believed that their home and its contents would be insured and replaced should they suffer a loss of same." (Doc. 1-1 at ¶ 20). The complaint further alleges that Plaintiff Kimberly Earley disclosed to the Anthony Defendants that her former home had been damaged by fire and that she had made a fire loss claim under her previous policy of insurance. (*Id.* at ¶¶ 21, 24). The complaint alleges that after the Plaintiffs purchased their Allstate homeowner's policy, they suffered a fire loss to their current home and its contents, but that the Defendants have failed or refused to pay their claim pursuant to the policy. (*Id.* ¶¶ at 29-30). Based on these factual allegations, the Plaintiffs allege that the Anthony Defendants are liable for fraud for "misrepresent[ing] material facts" to them and "inducing them to purchase said policy of insurance," which "would not be, and was not, covered or paid as represented." (*Id.* at ¶¶ 37-39). The Plaintiffs allege that the Anthony Defendants are also liable for fraudulent suppression for failing to disclose "the true and actual nature, scope, availability and extent of coverage–or lack thereof–provided for and covered by said policy of insurance. ..." (*Id.* at ¶¶ 43-44).

In support of their motion to remand, the Plaintiffs have submitted the Affidavit of Kimberly Earley ("Earley Affidavit," Doc. 6-1), which further expands on the Plaintiffs' fraud

claims.[5] In her affidavit, Earley states as follows:

> At no time prior to purchasing the [Allstate] Policy, did any representative of the Agency, including James Anthony, ever inform me that my insurance coverage under the Policy, or even my ability to qualify for insurance coverage under the Policy, would be negatively affected or impacted as a result of my having previously made a fire loss claim under a former policy of insurance. To the contrary, I was assured that the Policy would be issued, and would provide insurance coverage, despite the fact that I had previously made a fire loss claim under a former policy of insurance.

(Doc 6-1 at ¶ 4). She further states:

> I would not have purchased the Policy if I had been told by James Anthony, or any other person on behalf of the Anthony Agency, Inc., that my having made a previous fire loss claim under a former policy might negatively affect or impact my insurance coverage under the Policy, or my ability to qualify for insurance coverage under the Policy. I only purchased the Policy because I was told–and I believed–otherwise.

(Doc. 6-1 at ¶ 7).

Based on the allegations in the Plaintiffs' complaint and the statements in the Earley Affidavit, the court concludes that there is, at a minimum, a "possibility" that the Plaintiffs can state a valid cause of action against the Anthony Defendants for fraud/suppression. The court is unwillingly to find that the Plaintiffs' fraud claims are insufficiently pled under Alabama law and will defer to the state court to resolve any uncertainties in that regard. *See Manning v. Nationwide Mut. Fire Ins. Co.*, 2013 WL 1346984, *5 (N.D. Ala. 2013) ("[T]his court will not decide the issue of fraudulent joinder on Defendants' assertion that Plaintiffs' fraud claims against Defendant Traywick are insufficiently pleaded. ... this court is not prepared to find that Plaintiffs' Complaint fails to meet the Rule 9(b) pleading standard and will defer to the state court to resolve any

---

[5]In ruling on a motion to remand, "the court may consider affidavits and deposition transcripts submitted by the parties." *Crowe*, 113 F.3d at 1538 (citing *B,Inc.*, 663 F.2d at 549).

uncertainties as to that issue.") (footnote omitted).

### C.     Factual Basis for Plaintiffs' Fraud Claims

At the heart of Allstate's claim that the Anthony Defendants have been fraudulently joined is Allstate's assertion that the Plaintiffs' fraud claims were pled without any factual basis. Allstate asserts that there is no basis for the Plaintiffs to claim that Allstate did not issue them a homeowner's policy providing coverage for fire loss and no basis for the Plaintiffs to claim that Allstate denied their fire loss claim. Allstate contends that the Plaintiffs' policy did, in fact, provide coverage for fire loss (subject to the terms and conditions of the policy) and that the Plaintiffs' fire loss claim was still under investigation, and had not been denied, at the time the Plaintiffs filed suit. (*See* Doc. 9 at 5-9). Allstate argues that the Plaintiffs have "literally manufactured" a denial of their claim and have used that "baseless assertion" as a basis for claiming that the Anthony Defendants committed fraud when they promised the Plaintiffs that the policy would provide coverage for fire loss. (*Id.* at 9-10).

Before addressing Allstate's argument, the court would emphasize, again, that a federal court's task in assessing a claim of fraudulent joinder is simply to determine whether the plaintiff has a "possibility" of stating a cause of action against the non-diverse defendant. *See Stillwell*, 663 F.3d at 1333. In doing so, "federal courts are not to weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538. The court "must evaluate the factual allegations in the light most favorable to the plaintiff and must resolve any uncertainties about state substantive law in favor of the plaintiff." *Id.*

Viewing the factual allegations in the light most favorable to the Plaintiffs, and without weighing the merits of their fraud claims, the court again finds that the Plaintiffs have a

9

"possibility" of stating a fraud/suppression claim against the Anthony Defendants. Under Alabama law an insurance company's denial of a claim may be either "express" or "constructive." *State Farm Fire & Cas. Co. v. Slade*, 747 So. 2d 293, 317 n. 6 (Ala. 1999). A plaintiff can establish a constructive denial of a claim "(1) by showing that the passage of time is so great that the delay alone creates a denial; or (2) by showing sufficient delay in payment coupled with some wrongful intent by the insurance company." *Id.* (citation omitted). Here, based upon the allegations in the Plaintiffs' complaint and the Earley Affidavit, there is at least a possibility that the Plaintiffs will be able to establish that Allstate constructively denied their fire loss claim, that the denial was based (at least in part) on Earley's having made a previous fire loss claim under a former policy, and that the Anthony Defendants committed fraud when they induced the Plaintiffs to purchase the Allstate policy by promising that the policy would cover and pay for fire loss notwithstanding Earley's having made the previous fire loss claim. That is not to say that the Plaintiffs will ultimately be able to prevail on their fraud/suppression claims (the court expresses no opinion on the merits of the claims), but only that the claims are "arguable," which is all that is necessary to defeat a claim of fraudulent joinder.

Accordingly, the court holds that Allstate has failed to establish that the Anthony Defendants were fraudulently joined in this action. *See Henderson,* 454 F.3d at 1284; *Manning,* 20013 WL 1346984, *5-6. The Plaintiffs' motion to remand is due to be granted.

### III. MOTION TO DISMISS AND MOTION TO STRIKE

Because this action is due to be remanded to state court, there is no basis for subject-matter jurisdiction so as to allow the court to consider Allstate's motion to dismiss the Anthony Defendants. *See Henderson*, 454 F.3d at 1284; *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 854

(3d Cir. 1992). Furthermore, the court's decision to remand the action renders Allstate's motion to strike the Anthony Affidavit moot. Accordingly, the court will not address either motion.

## IV.   CONCLUSION

Based on the foregoing, the court holds that the fraudulent joinder doctrine is not applicable to the Plaintiff's claims against the Anthony Defendants and that, as a result, the Plaintiffs' motion to remand this action to the Circuit Court of Walker County, Alabama (doc. 6), is due to be granted. The court further concludes that it lacks subject-matter jurisdiction to consider Allstate's motion to dismiss (doc. 3) and that Allstate's motion to strike the Anthony Affidavit (doc. 7) is moot.  A separate order will be entered contemporaneously herewith.

**DONE,** this the 28th day of May, 2014.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge